UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:07CV154-J

CYNTHIA WRIGHT                                                                                          PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                                  DEFENDANT

### MEMORANDUM OPINION

Before the Court is claimant Cynthia Wright's Complaint seeking judicial review of the unfavorable decision rendered by the defendant Commissioner denying her claim for Supplemental Security Income Benefits ("SSI").  After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision is supported by substantial evidence and must be upheld.

PROCEDURAL HISTORY

Plaintiff filed an application for SSI benefits on October 6, 2003 alleging that she became disabled on September 3, 1998, at age 33 from a problems with her left arm, right ankle and foot/arthritis (Tr. 296, 305).  She worked in the past as a sewing machine operator and has a ninth grade education (Tr. 306).  The claimant has filed previous applications in 1999 and in 2001.  Following a hearing on June 6, 2005 at which the claimant and a vocational expert offered testimony, Administrative Law Judge Ronald Kayser ("ALJ") found that the claimant has severe impairments of history of right ankle fracture status-post open reduction internal fixation and recent hardware removal; history of left wrist fracture status – post open reduction internal fixation; and post-traumatic degenerative conditions of the left wrist, right ankles, and knees that prevent her from

returning to his previous work. However, the ALJ found that she remains capable of performing some sedentary work, stating:

> After carefully considering the claimant's testimony and the medical evidence of record, the undersigned finds the claimant's residual functional capacity has not changed since the prior Administrative Law Judge denial. Specifically, the claimant retains the residual functional capacity to lift up to 10 pounds at a time with frequent lifting of small articles; sit up to 6 hours in an 8-hour workday; and stand/walk up to 2 hours in an 8-hour workday. The claimant requires a sit/stand option at will, and she is limited to occasional kneeling, stooping, crouching, crawling, balancing, climbing, handling, pushing/pulling with her left hand, and pushing/pulling with her right lower extremity. The claimant is also precluded from working around heights, moving and dangerous machinery, and whole-body vibration.

Plaintiff appeals from this unfavorable decision.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d

2

106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff argues that the ALJ committed the following errors: 1) the ALJ erred by failing to find claimant's recent right arm fracture a "severe" impairment; 2) the ALJ failed to properly consider whether her condition meets Listing 1.02; and 3) the ALJ erred in finding the claimant capable of performing sedentary work. This case was denied at the fifth and final step of the sequential evaluation process, with a vocational expert testifying at the hearing.

## HISTORICAL BACKGROUND

Ms. Wright suffered several serious injuries in a single-car accident on September 3, 1998 when her vehicle collided with an embankment at approximately 60 miles per hour. She suffered an open distal fibular fracture of the right ankle and left wrist fractures of the ulnar styloid and distal radial. These fractures required placement of hardware for fixation. The surgical repairs were made at the University of Kentucky Medical Center in Lexington, Kentucky.

## ANALYSIS

Plaintiff's first argument is that the ALJ failed to consider her recently broken right wrist as a severe impairment. (It was her left, non-dominant wrist that was injured in the 1998 car accident.) Plaintiff contends that she now has limitations with both hands, problem with movement and restrictions in her ability to push and/or pull. The ALJ discussed this issue, noting that it was not considered a severe impairment as it was not expected to last for twelve months or longer. As this Court routinely notes, the mere diagnosis of a condition says nothing about its severity, Higgs v. Bowen, 880 F.2d 860, 860 (6th Cir. 1988). The medical evidence indicated that the break had healed,

3

that she was out of the cast, and her range of motion was improving (Tr. 462). The broken right wrist does not appear to have met the duration requirement – that is, it would not be expected to cause functional limitations lasting longer than twelve months. Accordingly, the ALJ's determination that the right wrist fracture was not a severe impairment is supported by substantial evidence and is entitled to this Court's deference.

Claimant's next argument is that the ALJ failed to analyze her impairment to determine whether it meets the criteria for Listing 1.02, however she does not point to any medical evidence that would establish she meets or equals the listing criteria. This blanket objection, without specific reference to the pertinent medical evidence that would support it, is insufficient. The claimant bears the burden of establishing that her condition meets or equals a particular listing. 20 C.F.R. §406.920(d), and has failed to do so. The Court finds no error in the ALJ's analysis.

The claimant's final objection is that the ALJ erred in finding that she would be able to engage in substantial gainful employment with the functional capacity to perform a significant range of sedentary work. Residual functional capacity is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account, Howard v. Commissioner, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1). Residual functional capacity is what a claimant can still do on a sustained, regular, and continuing basis, Cohen v. Secretary of HHS, 964 F.2d 524 (1992). A claimant bears the burden or proof in establishing his or her residual functional capacity, Her v. Commissioner, 203 F.3d 388, 391-392 (6th Cir. 1999).

In this instance, the ALJ adopted the RFC findings contained in the prior decision, indicating that the evidence showed no improvement nor decline in her medical condition. Consistent with that RFC, the vocational expert identified sedentary level jobs with the sit/stand option that would be

available to claimant. The Court finds that the ALJ's RFC findings are supported by substantial evidence and are entitled to this Court's deference.

The claimant also argues that the ALJ's credibility findings were legally insufficient, as the ALJ improperly rejected her complaints of disabling pain without setting forth good reasons. Specifically, she contends that the ALJ erred in rejecting the claimant's complaints of disabling pain.

SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 416.929(c) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Your daily activities;
2) The location, duration, frequency, and intensity of your pain or other symptoms;
3) Precipitating and aggravating factors;
4) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
5) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
6) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
7) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

In his Decision, and consistent with both SSR 96-7p and the above-listed factors, the ALJ determined that the plaintiff's complaints were less than entirely credible. Nonetheless, the ALJ did

5

find some merit to her physical limitations and complaints of pain, and accounted for them in the RFC findings, particularly with the sit/stand option. In sum, the ALJ's credibility determinations are supported by substantial evidence and are entitled to deference by this Court.

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter, Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). An ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other, Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). In other words, discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence, Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997). While plaintiff disagrees with the ALJ's rejection of her credibility, it is nonetheless clear that the ALJ stated sufficient reasons for his credibility determinations, particularly in light of her activities of daily living. Accordingly, the Court declines to disturb the ALJ's credibility findings.

## CONCLUSION

The ALJ's decision is supported by substantial evidence and will not be disturbed by this Court. A Judgment in conformity with this Memorandum Opinion has this day entered.